UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ABOU DAI,

                    Petitioner,                      Case No. 1:26-cv-1667

v.                                                   Hon. Hala Y. Jarbou

KEVIN RAYCRAFT et al.,

                    Respondents.
_____/

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I.    Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.29–30.)

In an order entered on May 28, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on June 2, 2026, (ECF No. 4), and Petitioner filed his reply on June 8, 2026, (ECF No. 5).

In an order entered on June 16, 2026, the Court directed Respondents to provide additional information. (Order, ECF No. 6.) Respondents submitted their supplemental response on June 22, 2026. (Supp. Resp., ECF No. 7.) Petitioner submitted a supplemental reply on July 6, 2026. (Supp. Reply, ECF No. 8.)

## II.    Factual Background

Petitioner is a native and citizen of Mauritania. (Notice to Appear (NTA), ECF No. 7-1, PageID.84.) Petitioner entered the United States on April 23, 2023, at or near San Ysidro, California, without inspection. (*Id.*) After Petitioner entered the United States, Department of Homeland Security (DHS) agents encountered Petitioner, and at that time, DHS issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (*Id.*) DHS then released Petitioner into the United States on his own recognizance "[i]n accordance with section 236 of the [INA]," which is codified at 8 U.S.C. § 1226. (Order Release Recognizance, ECF No. 7-2, PageID.88.)

On November 5, 2025, ICE encountered Petitioner and took him into custody. (Pet., ECF No. 1, PageID.6; Resp., ECF No. 4, PageID.46.) Thereafter, the Detroit Immigration Court held a bond hearing, and on January 30, 2026, the Immigration Judge issued a written decision denying Petitioner's bond request, stating "[n]o jurisdiction and flight risk[.]" (Order Immigration Judge, ECF No. 4-2, PageID.65.)

## III.    Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue

writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

"Under Article III of the United States Constitution, federal courts have the power to adjudicate only 'Cases' and 'Controversies.'" *Cal. Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025) (quoting *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017)). "Part of what Article III requires is that there be a *live* case or controversy—'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.* (some internal quotations omitted) (citation omitted). "When the case-and-controversy requirement is not satisfied, federal courts lack subject-matter jurisdiction." *Id.* (citing *Mokdad*, 876 F.3d at 170.)

## IV.    Analysis

In Petitioner's § 2241 petition, as relief, Petitioner asks the Court to order Respondents to release Petitioner from custody. (Pet., ECF No. 1, PageID.29–30.) Prior to initiating this action, Petitioner was given a bond hearing in the Detroit Immigration Court, and the Immigration Judge issued a written decision denying Petitioner's request for bond on January 30, 2026. (Order Immigration Judge, ECF No. 4-2, PageID.65.)

Although in the present § 2241 petition, Petitioner argues that his detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner does not raise any constitutional claims regarding the January 2026 bond hearing. (*See generally* Pet., ECF No. 1.) Under these circumstances, because Petitioner received a bond hearing and Petitioner does not

raise any claims regarding the bond hearing itself in the present action, it appears that the present

§ 2241 petition is moot. Therefore, the Court will dismiss the action without prejudice.[1]

### Conclusion

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: July 21, 2026                                    /s/ Hala Y. Jarbou
                                                        HALA Y. JARBOU
                                                        CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Petitioner is free to challenge the nature of the bond hearing; however, any such challenge raises new claims that were not raised in Petitioner's original § 2241 petition and which are not presently before the Court. If Petitioner wishes to file a *new* § 2241 petition raising claims regarding the January 2026 bond hearing, Petitioner may do so by filing a new action with the applicable filing fee or an application to proceed *in forma pauperis*.